# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAWN GARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-cv-3789 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| NATIONAL RAILWAY CORPORATION ) | |
| (d/b/a AMTRAK), ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND OPINION ORDER

Before the Court is the motion to dismiss [16] filed by Defendant National Railroad Passenger Corporation (d/b/a Amtrak). For the reasons set forth below, the motion [16] is granted in part and denied in part. The case is set for further status on February 12, 2019 at 9:00 a.m.

**I.    Background**

Plaintiff Dawn Garner, an African-American female and former employee of Defendant National Railroad Passenger Corporation (d/b/a Amtrak), filed this action bringing sexual harassment, racial discrimination, hostile work environment, and retaliation claims against Defendant under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Illinois Human Rights Act ("IHRA"), and Section 1981 of the Civil Right Act of 1866 ("Section 1981"). [1, at ¶ 1.] Plaintiff alleges that from approximately May 1999 through her termination on or about June 26, 2017, she continuously was subjected to unwelcome, unwanted, and offensive sexual harassment. [*Id.* at ¶ 23.] Plaintiff identifies numerous examples of the kind of sexual harassment she challenges. [*Id.* at ¶ 23(a)-(l).] For example, Plaintiff alleges that a male conductor referred to Plaintiff as "Buffalo Butt," commented that her "butt was as big as a dining room table," and told Plaintiff that "women aren't built to work on the railroad." [*Id.* at ¶ 23(a).] By way of another

example, Plaintiff alleges that a human resources representative for Defendant made sexually suggestive comments towards Plaintiff from 2000 through 2016. [*Id*. at ¶ 23(b).] Specifically, the HR representative repeatedly commented on Plaintiff's physical appearance, asked about her marital status, and asked Plaintiff to turn around so he could look at her. [*Id*.] Plaintiff also alleges that she did not pass an aptitude test necessary for a promotion in direct retaliation for denying the HR representative's sexual advances. [*Id*.] Plaintiff also alleges that she witnessed other inappropriate behavior. For example, Plaintiff witnessed other employees place bets on who first would have sexual relations with another employee. [*Id*. at ¶ 23(l).] Throughout her employment, Plaintiff complained of this alleged misconduct to Assistant Superintendent Scott Kenner, Superintendent Harold Kirman, Assistant Superintendent Jason Harrell, EAP Greg Williams, Brendan Mulcrone, Gary Isrealson, Lisa Simane, Will Carney, Joe Morris, Rachel Phillips, Tracy Prentiss, Jackie Clay, Shazrae Mian and Arlette Davenport. [*Id*. at ¶¶ 25-26.]

Plaintiff also alleges that she was subjected to severe or pervasive racial discrimination throughout the duration of her employment. [*Id*. at ¶ 28.] For example, Defendant's employees repeatedly and frequently referred to Plaintiff using a highly-offensive racist term. [*Id*. at ¶ 29.] Plaintiff overheard an engineer working for Defendant use the same racist term to refer to other African Americans. [*Id*. at ¶ 30.] Another employee of Defendant told Plaintiff and other African American employees that he was going to attend a Ku Klux Klan rally in Tennessee. [*Id*. at ¶ 30.] Other employees and passengers made similar racist comments. [*Id*. at ¶¶ 29-37.] Plaintiff complained of this alleged misconduct to Assistant Superintendent Scott Kenner, Superintendent Harold Kirman, Assistant Superintendent Jason Harrell, EAP Greg Williams, Brendan Mulcrone, Gary Isrealson, Lisa Simane, Will Carney, Joe Morris, Rachel Phillips, Tracy Prentiss, Jackie Clay, Shazrae Mian and Arlette Davenport, among others. [*Id*. at ¶ 39.] Despite Plaintiff's repeated

complaints and reports, Defendant failed to remediate, stop, prevent, or otherwise address the ongoing discrimination and harassment. [*Id*. at ¶ 40.]

On or around March 29, 2016, Plaintiff made a formal complaint to Defendant's Equal Employment Opportunity Compliance Office ("EEO"). [*Id*. at ¶ 41.] Plaintiff was never given information regarding the need to contact the Equal Employment Opportunity Commission ("EEOC") and was made to believe that the EEO and the EEOC were the same agency. [*Id*. at ¶ 41.] Around March or April 2016, Plaintiff was subject to a formal investigation for allegedly delaying a train to assist a disabled passenger. [*Id*. at ¶ 43.] Plaintiff alleges this investigation was in direct retaliation to at least three complaints Plaintiff made regarding sexual harassment and/or race discrimination. [*Id*.] From approximately March 2016 until her termination on or around June 26, 2017, Plaintiff also received several formal and informal employee counseling/"write-ups." [*Id*. at ¶ 45.] Before Plaintiff began reporting the alleged misconduct, Plaintiff had not received any such "write-ups." [*Id*. at ¶ 46.] On June 26, 2017, Plaintiff was terminated. [*Id*. at ¶ 47.] Plaintiff alleges that she "was terminated due to Defendant's failure to stop the ongoing sexual harassment and racial discrimination." [*Id*. at ¶ 122.]

## II.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level." *E.E.O.C. v. Concentra*

*Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly,* 550 U.S. at 558. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiff's well-pleaded factual allegations and draws all reasonable inferences in Plaintiff's favor. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

### III. Discussion

#### A. Failure to Exhaust Administrative Remedies

Defendant moves to dismiss Plaintiff's claims under the Illinois Human Rights Act ("IHRA") for failure to exhaust administrative remedies. Plaintiff concedes that her claims under the IHRA should be dismissed for failure to exhaust administrative remedies. [23, at 1.] Accordingly, the Court grants Defendant's motion to dismiss Counts II, IV, and VII.

#### B. Time-Barred

Defendant moves to dismiss certain of Plaintiff's claims under Title VII and Section 1981 as time-barred. Specifically, Defendant seeks to dismiss (1) Plaintiff's Title VII claims based on discrete acts of alleged discrimination, harassment, and/or retaliation occurring before May 6, 2017 (*i.e.*, more than 300 days before Plaintiff filed her charge of discrimination with the EEOC), and (2) Plaintiff's Section 1981 claims based on alleged actions occurring before May 30, 2014 (*i.e.*,

more than four years before the filing of this lawsuit). The Court addresses each of these arguments in turn.

        *i.*      *Title VII Claims*

"Before challenging an unlawful employment practice under Title VII, an employee must first file a timely EEOC charge. Such a charge must be filed within 300 days after the alleged unlawful employment practice occurred or else the employee may not challenge the practice in court." *Chaudhry v. Nucor Steel-Indiana*, 546 F.3d 832, 836 (7th Cir. 2008) (internal citations omitted); see also 42 U.S.C. § 2000e-5(e)(1). For this 300-day limitation period, "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice[.]'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

Plaintiff argues that her claims relating to alleged conduct falling outside of the 300-day limitations period are not time-barred under the continuing violation doctrine. This is an exception to the 300-day charging period that "allow[s] a court to consider acts that occurred outside of the limitations period if 'related closely enough' to the acts occurring within the established time frame 'to be considered one ongoing violation.'" *Nagle v. Village of Calumet Park*, 554 F.3d 1106, 1121 n. 4 (7th Cir. 2009) (quoting *Filipovic v. K & R Express Sys., Inc.*, 176 F.3d 390, 396 (7th Cir. 1999)). The Seventh Circuit described the doctrine as somewhat of a misnomer because "[d]espite its name, it is a doctrine about cumulative rather than continuing violation." *Lewis v. City of Chicago*, 528 F.3d 488, 493 (7th Cir.2008), rev'd on other grounds by 560 U.S. 205 (2010); see also *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008). In *Lewis*, the Seventh Circuit explained that the "doctrine of continuing violation allows you to delay suing until a series of acts by a prospective defendant blossoms into a wrongful injury on

which a suit can be based." 528 F.3d at 493 ("A typical case is workplace harassment on grounds of sex. The first instance of a coworker's offensive words or actions may be too trivial to amount to actionable harassment, but if they continue they may eventually amount to an actionable pattern of harassing behavior. And then the entire series is actionable." (citations omitted)); see also *Stepney v. Naperville School Dist. 203*, 392 F.3d 236, 240 (7th Cir. 2004) ("The doctrine applies to claims like sexual harassment * * * [because] [i]n those cases, duration and repetition are necessary to convert merely offensive behavior into an actionable change in the plaintiff's working conditions."). "Under the 'continuing violation' doctrine, a Title VII plaintiff may recover for otherwise time-barred conduct that is part of a single, ongoing unlawful employment practice if at least one related act occurs during the limitations period." *Barrett v. Illinois Dep't of Corr.*, 803 F.3d 893, 898 (7th Cir. 2015) (citing *Morgan*, 536 U.S. at 116-18). However, the "doctrine is limited to claims of hostile work environment." *Id*.

Thus, to the extent that Plaintiff challenges discrete actions unrelated to her hostile work environment claim, the Court agrees that Plaintiff may not proceed with her Title VII claims relating to conduct occurring more than 300 days before Plaintiff filed her charge of discrimination with the EEOC. For example, Plaintiff alleges that she was investigated in or around March or April of 2016 in retaliation for having made sexual harassment complaints. Alleged discriminatory investigations are the kind of discrete acts that are not actionable beyond the limitations period. *Beesen-Dwars v. Morris*, 2007 WL 2128348, at *7 (N.D. Ill. July 24, 2007) (collecting cases). Similarly, Plaintiff may not proceed with Title VII claims based on "several formal and informal employee counseling/'write-ups[,]'" to the extent that such warnings occurred more than 300 days before Plaintiff filed her charge of discrimination with the EEOC.[1] The continuing violation

---

[1] The complaint does not indicate precisely when such write-ups occurred. Rather, Plaintiff alleges generally that she received several such write-ups from approximately March 2016 to June 2017. [1, at

doctrine does not apply to such discrete acts. *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000) ("The suspension was a discrete act resulting in a discrete injury to [the plaintiff]."); *Mull v. Abbott Labs.*, 563 F. Supp. 2d 925, 929 (N.D. Ill. 2008) ("[T]he continuing violation doctrine has no application to discrete acts of discrimination, such as termination or the failure to hire, which are actionable at the time they take place.").

To the extent that Plaintiff's Title VII claims are based on a hostile work environment theory, however, Plaintiff may proceed under the continuing violation theory. Defendant argues that Plaintiff has not sufficiently alleged a continuing violation claim because "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." [23, at 4 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 111 (2002) (internal quotation marks omitted)).] Here, Plaintiff has alleged more than just mere continuity of employment. Plaintiff alleges that "[o]n an ongoing and continuous bas[is], commencing on or about May 1999 through her unlawful termination on or about June 26, 2017, Plaintiff was subjected to unwelcome, unwanted, and offensive sexual harassment" and a "hostile work environment[.]" [1, at ¶ 23.] Plaintiff further lists numerous examples of such alleged misconduct during the tenure of her employment with Defendant. [*Id*. at ¶¶ 23-24.] Plaintiff makes similar allegations with respect to her racial hostile work environment claim. [*Id*. at ¶¶ 23-24.]

Furthermore, while labeling discrete acts as a "practice" is not enough to survive a motion to dismiss, see, *e.g., Crum v. Advocate N. Side Health Network*, 2018 WL 1064990, at *7 (N.D.

---

¶ 120.] Thus, Plaintiff may proceed with her Title VII claim with respect to some of those write-ups (*i.e.*, those occurring within the 300-day charging period), but may not proceed with respect to write-ups occurring before May 6, 2017. Similarly, Plaintiff alleges that she was denied a promotion in retaliation for her declining advances of a fellow employee. Plaintiff only may bring an independent claim based on that discrete event if it occurred within the 300-day charging period.

7

Ill. Feb. 26, 2018), aff'd, 733 F. App'x 842 (7th Cir. 2018), Plaintiff has not simply identified isolated and unrelated instances of misconduct. Rather, Plaintiff challenges the cumulative effects of numerous and repeated instances of alleged misconduct that Defendant failed to address despite repeated complaints by Plaintiff. *Vance v. Ball State Univ.*, 646 F.3d 461, 468 (7th Cir. 2011), aff'd, 570 U.S. 421 (2013) ("When a plaintiff initiates a hostile work environment lawsuit, as opposed to a suit claiming discrimination based on discrete acts, she usually complains of an employer's continuing violation of Title VII 'based on the cumulative effect of individual acts.'" (quoting *Morgan*, 536 U.S. at 115)); see also *Morgan*, 536 U.S. at 115 ("Hostile environment claims are different in kind from discrete acts."). Viewing the allegations in the light most favorable to Plaintiff, as the Court must at this stage of this case, Plaintiff sufficiently has alleged a pattern of harassment and unjustified discipline to survive a motion to dismiss. *Little v. Illinois Dep't of Pub. Health*, 2017 WL 5903835, at *4 (N.D. Ill. Nov. 30, 2017) (denying motion to dismiss where plaintiff alleged "a pattern of harassment and unjustified discipline").

To be sure, in order to establish an ongoing pattern of discrimination, the challenged conduct must be similar and involve the same individuals. *Little v. Illinois Dep't of Pub. Health*, 2017 WL 5903835, at *3 (N.D. Ill. Nov. 30, 2017) (citing *Hopkins v. Bd. of Educ. of City of Chicago*, 73 F. Supp. 3d 974, 982 (N.D. Ill. 2014)). However, other than to assert generally that Plaintiff only has alleged a number of discrete actions, Defendant has not offered any other argument as to why Plaintiff's allegations otherwise are insufficient to establish an ongoing pattern of discrimination. *Yeksigian v. Nappi*, 900 F.2d 101, 104 (7th Cir. 1990) ("The defendants have the burden on a motion to dismiss to establish the legal insufficiency of the complaint."). The Court therefore concludes that Plaintiff sufficiently has alleged a continuing violation to survive a motion to dismiss.

Defendant also argues that Plaintiff may not proceed on a continuing violation theory because her charge of discrimination did not provide Defendant with fair notice that she was alleging such a violation. "The proper scope of a judicial proceeding following an EEOC charge 'is limited by the nature of the charges filed with the EEOC.'" *Hopkins v. Bd. of Educ. of City of Chi.*, 73 F. Supp. 3d 974, 982 (N.D. Ill. 2014) (citing *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992)). Specifically, "a plaintiff may only bring claims that are originally included in the EEOC charge or are 'reasonably related to the allegations of the EEOC charge and growing out of such allegations.'" *Id*. (quoting *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256-57 (7th Cir. 2011)). In other words, plaintiffs only may pursue claims "that could reasonably be expected to grow out of the administrative charges." *Reynolds v. Tangherlini*, 737 F.3d 1093, 1100 (7th Cir. 2013). "Courts review the scope of an EEOC charge liberally." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2015) (citation omitted).

Construing the charge liberally, Plaintiff's continuing violation claim is reasonably related to the allegations in Plaintiff's charge. Plaintiff's charge indicates that "[d]uring [her] employment, [she] was subjected to unwanted touching of a sexual nature." [1-1, at 2.] The charge further indicates that the "touching continued" after Plaintiff complained to management. [*Id*.] Similarly, the charge indicates that Plaintiff "continuously" complained to management about being subjected to racial slurs. [*Id*.] Although Plaintiff did not check the "continuing action" box on her charge, the Seventh Circuit has made clear that the failure to check a box should not bar a plaintiff's claim where the EEOC charge otherwise is sufficient to satisfy the purpose of requiring a charge. *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 528 (7th Cir. 2003) ("[W]e do not rest our decision here on an omitted check mark."). Accordingly, Plaintiff's charge of discrimination

9

provided Defendant with fair notice that she was pursuing a continuous violation claim. *Malozienc v. Pac. Rail Servs.*, 606 F. Supp. 2d 837, 859 (N.D. Ill. 2009).[2]

   ii.  Section 1981 Claims

To the extent that Plaintiff's claim under 42 U.S.C. § 1981 (Count V) relies on alleged acts occurring more than four years before Plaintiff filed her complaint, Defendant moves to dismiss Plaintiff's Section 1981 claim as time-barred. Claims brought under Section 1981 are subject to the federal four-year statute of limitations, 28 U.S.C. § 1658. *Gupta v. Madison Metro. Sch. Dist.*, 120 F. App'x 641, 643 (7th Cir. 2005). Plaintiff has not invoked any grounds for tolling the statute of limitations. Still, it is not clear from the complaint whether Plaintiff is basing her Section 1981 claim on conduct occurring more than four years before Plaintiff filed her complaint. While any such claims would be time-barred, Plaintiff need not "negate a possible affirmative defense based on the statute of limitations." *Hunt v. Pers. Staffing Grp., LLC*, 2018 WL 1014513, at *7 (N.D. Ill. Feb. 22, 2018). Where a "complaint does not unambiguously establish that all or some" claims are time-barred, dismissal is inappropriate. *Id*. The Court therefore denies Defendant's motion to dismiss Plaintiff's Section 1981 claim.

**C. Laches**

Defendant moves to dismiss certain of Plaintiff's allegations under the doctrine of laches. "The defense of laches 'requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.'" *State of Kansas v. State of Colorado*, 514 U.S. 673, 687 (1995) (quoting *Costello v. United States*, 365 U.S. 265, 282

---

[2] The Court notes that—even if Plaintiff could not bring a claim based on conduct occurring before May 6, 2017—such conduct still could be considered in support of Plaintiff's hostile work environment claim. See *Davis v. Con-Way Transp. Cent. Express, Inc.*, 368 F.3d 776, 786 n.4 (7th Cir. 2004) (courts may look to time-barred acts as support for timely claims).

10

(1961)). Although Defendant ultimately may be able to succeed on a laches defense, Defendant has not identified allegations establishing the necessary elements of the defense.

Defendant contends that because some of Plaintiff's allegations date back to 1999, the Court should *presume* that the elements of laches are satisfied. However, the Court sees no reason to adopt a presumption that the elements of laches are satisfied merely because certain allegations date back some threshold number of years. None of the cases cited by Defendant support such a position. To the contrary, the cases cited by Defendant recognize that—even at the summary judgment stage—a defendant must identify specific facts supporting the elements of its laches defense. See *Pruitt v. City of Chicago, Illinois*, 472 F.3d 925, 928 (7th Cir. 2006) (identifying specific ways the defendant would be prejudiced (*e.g.*, witnesses who moved beyond the court's subpoena power) before granting summary judgment on laches grounds). Defendant has not identified such specific allegations here. Even if Defendant had identified some specific allegations supporting its laches defense, whether a claim is barred by the doctrine of laches generally should not be resolved on a motion to dismiss. *Am. Commercial Barge Lines, LLC. v. Reserve FTL, Inc.*, 2002 WL 31749171, at *1 (N.D. Ill. Dec. 3, 2002) ("Ordinarily a motion to dismiss is not the appropriate vehicle to raise the defense of laches." (citing *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 376 (7th Cir. 1987)). Defendant certainly has not identified allegations establishing the elements of laches as a matter of law. The Court therefore denies Defendant's motion to dismiss Plaintiff's claims under the doctrine of laches.

## IV. Conclusion

For the reasons set forth above, the motion [16] is granted in part and denied in part. The case is set for further status on February 12, 2019 at 9:00 a.m.

Date: February 1, 2019

_____
Robert M. Dow, Jr.
United States District Judge